# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL SANCHEZ,<br><br>      Petitioner,<br><br>v.<br><br>DAVE DAVEY, Warden,<br><br>      Respondent. | Case No. CV 15-2962 VAP (MRW)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

    The Court vacates the reference of this action to the Magistrate Judge and summarily dismisses the action pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts without prejudice.

\* \* \*

    This is a state habeas action. Petitioner was convicted in Los Angeles Superior Court in February 2015 of making criminal threats. That court sentenced him to a term in county jail. In his federal habeas filing, Petitioner asserted various claims of error regarding his trial and his trial attorney's performance. (Docket # 1, 4.)

It appears from the pleading that Petitioner never presented his claims to the state court of appeal or to the state supreme court.  To the contrary, Petitioner claims in his federal petition that "the same [trial court] judge" is currently reviewing his case.  (Docket # 1 at 3.)

Magistrate Judge Wilner issued an order after preliminary review of the petition.  (Docket # 3.)  Judge Wilner explained the federal statutory requirement that Petitioner exhaust his claims on appeal in state court before seeking federal habeas relief.  Judge Wilner gave Petitioner an opportunity to submit a supplemental statement explaining whether Petitioner actually did seek appellate review of his claims in state court before filing in this Court.  (Id.)

Petitioner submitted a timely statement.  (Docket # 4.)  However, the statement did not address the question of the exhaustion of Petitioner's claims.  Instead, Petitioner asserted additional arguments regarding his conviction.  (Id. at 1-5.)  In the interests of justice, Judge Wilner gave Petitioner another chance to explain the procedural posture of his action.  (Docket # 6.)  Petitioner failed to respond to the Court's order.

\* \* \*

Petitioner's current habeas filing fails to satisfy the exhaustion requirements of federal law.  Under the statute that governs federal review of habeas petitions, state prisoners are required to exhaust (that is, present) their claims to the state's highest court before seeking relief in federal court.  28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509 (1982).  On habeas review, the Court can only consider a claim for which the state courts issued a decision that was contrary to or an unreasonable application of clearly established federal law.  28 U.S.C. § 2254(d)(1).

If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss the action without ordering service

on the responding party. 28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

From the face of the petition, it is clear that Petitioner failed to state an exhausted claim for relief. He was recently convicted in state court, and has not appealed his conviction within the state court system. As a result, there is no decision of the state's highest court for this federal court to review for constitutional error. Rose, 455 U.S. 509; 28 U.S.C. § 2254(d)(1). Petitioner is not entitled to pursue this federal habeas action. The action is therefore DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: _July 9, 2015_____

HON. VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE